# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| Stanley John MATTHEWS, | |
| Plaintiff, | Civil No. 18-2235 (RBK/JS) |
| v. | **OPINION** |
| Judge Thomas HILLEGASS, *et al.*, | |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter comes before the Court on Plaintiff Stanley John Matthews' complaint and application to proceed *in forma pauperis* (Doc. No. 1), alleging violation of his civil rights. For the reasons stated herein, Plaintiff's complaint is **DISMISSED**.

## I.    THE FACTS

Plaintiff Stanley John Matthews brings a civil rights action against Judge Thomas Hillegass, Judge Donna M. Taylor, Judge Michael J. Donahue, Judge James Pickering (collectively, the "Judicial Defendants"), District Attorney Robert Johnson, D.E.A Prosecutor Mike Jefferson (collectively, the "Prosecutor Defendants"), Detective Jack Trombetter, Officer Shawn Karge, Chief Cris Luesner, Detective Joseph Boyle (collectively, the "Police Defendants"), Judicial Clerk Ray Teller, Judicial Clerk Jen Karusso (collectively, the "Clerk Defendants"), Rebecca Watson, "DYFS," "Head of Cape Counseling," and the "Social Security Office." (Compl. at 1.) Although Plaintiff has not stated a cause of action, we will interpret this case as one brought under 28 U.S.C. § 1983.

1

Plaintiff's complaint defies easy comprehension, but it appears to plead as follows. This controversy arises from an indictment for failing to register as a sex offender. What happened beyond that is frankly inscrutable. Plaintiff's complaint consists primarily of sentence fragments, parenthetical interpolations, and conclusory allegations. We discern, however, that the indictment and subsequent prosecution perturbed him, and may have required him to testify at some personal expense. And in a series of exchanges between Plaintiff and various individuals, including his court-assigned counsel, Plaintiff alleges that his communications were unfairly misunderstood or disregarded. The extent of each Defendants' involvement in this case is something of a mystery.

Plaintiff seeks (among other things) relief of "fairness," damages for emotional distress, recusal of New Jersey judges and prosecutors, an evidentiary hearing (possibly under 28 U.S.C. § 2254), vindication of his constitutional rights, and repayment of attorneys' fees for the three court-appointed lawyers who were possibly, but not certainly, connected to this episode. (Compl. at 8.)

## II. LEGAL STANDARD

District courts must review complaints in civil actions in which a litigant is proceeding *in forma pauperis* and must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Pro se complaints must be construed liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting

*Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). While "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

### III. DISCUSSION

#### A. Judicial Immunity

We first address the complaint's allegations against the Judicial Defendants. Although we are uncertain on the scope of the remedy that Plaintiff seeks against the Judicial Defendants, it is well established that a "judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for judicial acts." *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006). Further, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Id.* (citing *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (citation omitted)). There is no conceivable basis for this suit to go forward against the Judicial Defendants and amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) ("amendment must be permitted in this context unless it would be inequitable or futile"). Furthermore, to the extent that Plaintiff seeks the Judicial

Defendants to recuse or otherwise disengage from his case, that is a matter for the courts of New Jersey. We accordingly dismiss the Judicial Defendants from this action with prejudice.

Similarly, although Plaintiff has not stated with any particularity why Judicial Clerks Teller and Karusso are involved in this matter, on the face of the complaint there is no conceivable basis for a suit to go forward against them. Court personnel, including judicial clerks, are entitled to "quasi-judicial immunity" when carrying out judicial functions. *Funches v. Bucks Cty.*, 586 F. App'x 864, 868 (3d Cir. 2014). Although the complaint is murky, Plaintiff appears to have sued them for their incidental involvement in the proceedings brought against him, similar to the Judicial Defendants. Accordingly, the Clerk Defendants are dismissed from this action with prejudice.

### B. Prosecutorial Immunity

Prosecutors are entitled to absolute immunity in § 1983 actions for conduct "intimately associated with the judicial phase of the criminal process," *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976), which includes initiating judicial proceedings, presenting evidence in support of a search warrant application, and training or supervising other prosecutors. *Van de Kamp*, 555 U.S. at 343, 346. This may also include investigative functions to the extent that they relate to securing information necessary to determine whether to initiate a criminal prosecution. *See Forsyth v. Kleindienst*, 599 F.2d 1203, 1215 (3d Cir. 1979); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (stating that absolute immunity does not extend to "[a] prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings," but that "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity.")

4

Plaintiff has sued District Attorney Robert Johnson and Mike Jefferson, of the Cape May Prosecutor's Office. While we note that the precise role of Mike Jefferson in this case is unclear, he is apparently connected with the decision to prosecute Plaintiff for failing to register as a sex offender. In such circumstances both Defendants are entitled to absolute immunity and they are dismissed from this action with prejudice.

### C. The Remaining Defendants

The Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff has failed to provide enough of a factual basis for this Court to make heads or tails of what this case is about. The extent of Defendant Trombetta and Officer Karge's involvement in this appears to stem from a 911 call made from a WaWa convenience store. Detective Boyle is involved because "he illegally planted false documents in which a warrant was signed" but the basis for this is unclear. As for the DYFS, Head of Cape Counseling, and Social Security Office, we lack sufficient information to make any determination about their involvement at this time.

Although Plaintiff claims violations of his constitutional rights, we are unable to make a determination on whether Plaintiff has here stated a claim. Plaintiff must "state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, but we are unable to discern whether Plaintiff's allegations are plausible. We accordingly dismiss the complaint in its entirety for failure to state a claim. However, because Plaintiff may be able to re-plead and assert cognizable claims against these Defendants, we must grant Plaintiff leave to amend his pleadings.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's complaint is **DISMISSED WITH PREJUDICE** in part and **DISMISSED WITHOUT PREJUDICE** in part. An order follows.

Dated: February 20, 2018 /s Robert B. Kugler
ROBERT B. KUGLER
United States District Judge